# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60475-BLOOM/Valle

KATRIN DIONISIO,

        Plaintiff,

v.

ULTIMATE IMAGES AND DESIGNS, INC.,
d/b/a Oasis by the Sea, a Florida for Profit Corporation,
ALI KALDIRIMOGLU, an individual,
MECIT KALDIRIMOGLU, an individual,
SEVIL KALDIRIMOGLU, an individual,
SEYFULLAH KALDIRIMOGLU, an individual,

        Defendants.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses, ECF No. [14] (the "Motion"). In the Motion, Plaintiff requests the Court strike ten of Defendants' thirteen Affirmative Defenses asserted in their Answer, ECF No. [11] ("Answer"). The Court has carefully reviewed the Motion, all supporting and opposing filings, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

On February 22, 2019, Plaintiff Katrin Dionisio ("Plaintiff") filed her Complaint against Defendants Ultimate Images and Design, Inc., Ali Kaldirimoglu, Mecit Kaldirimoglu, Sevil Kaldirimoglu, and Seyfullah Kaldirimoglu (together, "Defendants"). ECF No. [1]. Plaintiff was employed as a server at Oasis by the Sea, a restaurant owned by Defendant Ultimate Images and Design, Inc. *Id.* at 4. The remaining individual Defendants were supervisors and/or managers,

each of whom was either involved in the establishment's daily operations or directly supervised Plaintiff. *Id.* Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") for violations of 29 U.S.C. § 207 for Unpaid Overtime (Count I) and 29 U.S.C. § 206 for Unpaid Minimum Wages (Count II), and a claim for violation of the Florida Minimum Wage Amendment, Article X, § 24, of the Florida Constitution, and Florida Statute § 448.110 (Count III). *See id.*

On March 27, 2019, Defendants filed an Answer to the Complaint asserting thirteen Affirmative Defenses. ECF No. [11]. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff now moves to strike ten of Defendants' thirteen Affirmative Defenses, namely the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth, Twelfth, and Thirteenth Affirmative Defenses, on the grounds that each is simply a denial and/or lacks the required facts or specificity to provide a legal basis. *See* ECF No. [14]. Defendants filed a timely Response to Plaintiff's Motion to Strike Certain Affirmative Defenses, ECF No. [21], to which Plaintiff filed a timely Reply, ECF No. [22].

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.,* 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same).

Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored.  *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Even so, "an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)).  "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011).  Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests."

*See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503, at *1.

The difference in language between Rule 8(a) and Rule 8(b) is subtle, but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162, at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *Ramnarine*, 2013 WL 1788503, at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1)

with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 U.S. Dist. LEXIS 65190, at *8 (N.D. Ga. June 13, 2011).

## III.    DISCUSSION

### a.    Third Affirmative Defense

Defendants' Third Affirmative Defense states "Plaintiff and/or Defendants are not subject to and/or are exempt under applicable statutes. Plaintiff was not individually engaged in interstate commerce." ECF No. [11] at 6. Plaintiff argues that: (1) Defendants improperly combined two separate defenses; (2) Defendants must plead any exemption under the FLSA with specificity; and (3) the statement regarding Plaintiff's lack of engagement in interstate commerce is a mere denial, not an affirmative defense. ECF No. [14] at 5. The Court addresses each argument in turn.

When two separate defenses are pled under a single affirmative defense heading, the proper course of action for the court is to strike the defendant's affirmative defense without prejudice, giving leave for the defendant to amend. *See New York Disc. Plus, Inc., v. Scottsdale Ins. Co.*, No. 13-24231-CIV, 2014 U.S. Dist. LEXIS 14148, at *5-6 (S.D. Fla. February 5, 2014) ("This purported defense . . . lists five distinct affirmative defenses, each of which must be pled separately . . . . Therefore, [defendant's defense] fails to provide fair notice and must be stricken, with leave to re-plead."). Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendments to the

pleadings before trial "with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although Defendants in this case have not requested leave to amend in any of their filings, this Court will exercise its discretion to give Defendants leave to amend to separately plead the affirmative defenses. Therefore, the Court strikes Defendants' Third Affirmative Defense without prejudice and with leave to amend. Defendants should replead the appropriate discrete defenses separately.

The Court now turns to the adequacy of each individual defense. Defendants' defense that "Plaintiff and/or Defendants are not subject to and/or are exempt under applicable statutes" fails to identify the specific FLSA exemption that is applicable to Plaintiff or Defendants. "Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense." *Morrison*, 434 F. Supp. 2d at 1319 (citing *Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005)). Although the court in *Morrison* applied the heightened pleading standard of Rule 8(a), *id.* at 1318, the defense is also insufficient under the notice standard adopted by this Court. Because of the Defendants' failure to identify the particular FLSA exemption(s) that apply, Defendants' affirmative defense does not provide Plaintiff adequate notice to permit Plaintiff to properly litigate this issue. Thus, Defendants should amend this defense to identify the applicable exemption(s) to the FLSA.

Additionally, Plaintiff argues that the statement, "Plaintiff was not individually engaged in interstate commerce," is a mere denial. Defendants do not contest the point, yet assert that the proper remedy is not to strike the relevant affirmative defenses, but to treat them as specific denials. ECF No. [21] at 3. Courts generally treat denials mislabeled as affirmative defenses as specific

denials rather than striking the defenses in cases where a defendant is not permitted to replead its answer and affirmative defenses. *See, e.g.*, *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *8 ("When [a denial is inadvertently labelled as an affirmative defense], the proper remedy is not to strike the claim, but rather to treat it as a specific denial."). However, because this Court has given Defendants leave to amend, there is no need to keep incorrectly labeled affirmative defenses in Defendants' Answer. The Court will strike every denial incorrectly pled as an affirmative defense. As such, the statement should not be repled as an affirmative defense.

### b. Fifth Affirmative Defense

Defendants' Fifth Affirmative Defense states, "The action and/or damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice and/or alleged overtime hours worked." ECF No. [11] at 7. Plaintiff argues that Defendants' assertion is not an affirmative defense and "[t]here is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit." ECF No. [14] (citing *Morrison*, 434 F. Supp. 2d at 1319). Defendants counter that in the Eleventh Circuit "there is no FLSA violation where an employee performs uncompensated work while deliberately preventing his employer from learning about it." ECF No. [21] at 5 (referring to the case *Allen v. Board of Public Educ. For Bibb Cty.*, 495 F. 3d 1306, 1319 (11th Cir. 1987)). In reply, Plaintiff emphasizes that the affirmative defense applies only if the employee *deliberately* prevents his employer from knowing and reiterates that the defense provided by Defendants is "legally and factually insufficient." ECF No. [22] at 3.

This Court recognizes the Eleventh Circuit decision that deliberately preventing an employer from learning about uncompensated work is a proper affirmative defense to the FLSA. However, that is not the affirmative defense that Defendants have pled here. Parties are confined

to their own pleadings. The Court declines Defendants' invitation to construe the affirmative defense to mean something other than what is plainly stated in their Answer. Therefore, the Court grants Plaintiff's Motion to Strike Defendants' Fifth Affirmative Defense without prejudice and with leave to amend.

### c. Seventh Affirmative Defense

Defendants' Seventh Affirmative Defense states, "The action and/or the damages claimed in this action are barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement." ECF No. [11] at 7. Plaintiff argues in her Motion that: (1) Defendants improperly combined several defenses; (2) each defense lacks the necessary specificity; (3) each doctrine pled requires the Defendants to set forth facts that satisfy each element of the doctrine; (4) waiver, estoppel and laches are not affirmative defenses under the FLSA; and (5) though *res judicata*, satisfaction, release and agreement could be affirmative defenses under the FLSA, without any facts or specificity, the defenses remain improper as written. ECF No. [14] at 6. Defendants counter that "[i]t simply cannot be said at this stage of the proceedings that Defendants can prove no set of facts to support these defenses." ECF No. [21] at 6. As to estoppel, Defendants insist that whether or not the affirmative defense of estoppel may be used will become evident throughout the course of discovery. *Id.*

As previously discussed, discrete defenses that have been improperly combined should be pled separately. Therefore, the Court grants Plaintiff's Motion to Strike Defendants' Seventh Affirmative Defense without prejudice and with leave to amend only those affirmative defenses that are appropriate under the FLSA.

The Court now turns to the adequacy of each individual defense. Defendants correctly assert that estoppel is a permissible affirmative defense under the FLSA in the Eleventh Circuit.

*Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)[1]. "Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006) (citing *Brumbelow*, 462 F.2d at 1327, and finding that the defendant's assertion of the affirmative defense of estoppel – in that the plaintiff "failed to accurately report[] hours allegedly worked and/or [the] [d]efendant was unaware that [the] [p]laintiff . . . worked the hours claimed" – was permissible and sufficiently plead). Additionally, the affirmative defenses of *res judicata*, satisfaction, release and agreement are all proper affirmative defenses under the FLSA.

However, as pled, the above defenses are nothing more than bare recitations of boiler-plate affirmative defenses. Although affirmative defenses are not subject to the heightened *Twombly* and *Iqbal* pleading standards, Defendants do "not suggest how any of these defenses might apply to the instant case," nor do they "identify the elements of any of these defenses." *New York Disc. Plus, Inc.*, 2014 U.S. Dist. LEXIS 14148, at *6. The defenses fail to provide fair notice of the nature of the defense and the grounds upon which it rests. Moreover, Defendants should not be permitted to list numerous defenses in a single affirmative defense to preserve said defenses. If repled separately as presently written, Defendants' affirmative defenses of estoppel, *res judicata*, satisfaction, release and agreement would be stricken. Therefore, Defendants should amend the affirmative defenses in order to adequately plead them and provide Plaintiff with fair notice as to the basis of each defense.

---

[1] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

As to waiver, however, because the FLSA and its provisions are mandatory, they are not subject to waiver. *Caballero v. Lantern Motors, Inc.*, No. 2:14-cv-641, 2015 U.S. Dist. LEXIS 68289, at *5-6 (M.D. Fla. May 27, 2015) (citing *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 39208, at *2 (M.D. Fla. Sept. 1, 2006)). As such, waiver is generally unavailable as an affirmative defense to a claim under the FLSA. *Id.* Additionally, the affirmative defense of laches is also unavailable in FLSA cases. *Groves*, 2006 U.S. Dist. LEXIS 39208, at *4 (citing *Morrison*, 434 F. Supp. 2d at 1320). The affirmative defenses of waiver and laches are stricken without leave to amend.

### d. Eighth Affirmative Defense

Defendants' Eighth Affirmative Defense states, "The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the cause of action." ECF No. [11] at 7. Plaintiff argues that this statement is not an affirmative defense, and Defendants concede the point by failing to respond to Plaintiff's arguments. ECF No. [21]. Accordingly, the Court strikes Defendants' Eighth Affirmative Defense with prejudice and without leave to amend.

### e. Tenth Affirmative Defense

Defendants' Tenth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to file suit within the applicable statute of limitations period." ECF No. [11] at 7. Plaintiff argues that the defense lacks the requisite facts and specific statute of limitations period needed to assert the defense. ECF No. [14] at 7.

Defendants are correct that statute of limitations is expressly listed in Rule 8(c) as a valid affirmative defense. Fed. R. Civ. P. 8(c). Additionally, an assertion of a statute of limitations defense puts Plaintiff on notice as to the nature of the defense. *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012) ("Simply stating that

Plaintiff's claims are barred by the statute of limitations is sufficient to put Plaintiff on notice of a statute of limitations defense."). Therefore, the Motion is denied as to the Tenth Affirmative Defense.

### f. Twelfth Affirmative Defense

Defendants' Twelfth Affirmative Defense states, "The number of hours claimed by Plaintiff should be reduced and Plaintiff's claims should be denied due to Plaintiff's unclean hands." ECF No. [11] at 8. Plaintiff argues that, although unclean hands is an acceptable affirmative defense under the FLSA, as written, the defense lacks specificity and the requisite facts. ECF No. [14] at 7. This Court agrees with Plaintiff. While unclean hands can be raised as a defense and affirmative defenses are not subject to the heightened *Twombly* and *Iqbal* pleading standards, the defense fails to provide fair notice of the nature of the defense and the grounds upon which it rests. Without linking the assertions to any factual support, Defendants' Twelfth Affirmative Defense is nothing more than a bare recitation of a boiler-plate affirmative defense. Therefore, the Court strikes Defendants' Twelfth Affirmative Defense without prejudice and with leave to amend.

### g. First, Second, Fourth, and Thirteenth Affirmative Defenses

Plaintiff requests that Defendants' First, Second, Fourth, and Thirteenth Affirmative Defenses be stricken because they are mere denials. ECF No. [14] at 5-6. Each Affirmative Defense states as follows:

- First Affirmative Defense: "Plaintiff has failed to state a cause of action upon which relief can be granted." ECF No. [11] at 6.

- Second Affirmative Defense: "Plaintiff was paid for all hours worked in accordance with applicable statutes." *Id.*

- Fourth Affirmative Defense: "Plaintiff and/or Defendant are not employees or employers under the applicable statutes. Plaintiff was not individually engaged in interstate commerce." *Id.* at 7.

- Thirteenth Affirmative Defense: "Defendants reserve the right to state additional affirmative defenses as discovery may reveal." *Id.* at 8.

Defendants do not contest Plaintiff's argument that the statements contained within the First, Second, and Fourth Affirmative Defenses are mere denials. ECF No. [21] at 3. Defendants also do not contest the Thirteenth Affirmative Defense is not an affirmative defense. Therefore, the Court grants Plaintiff's Motion to Strike Defendants' First, Second, Fourth, and Thirteenth Affirmative Defenses.

## IV. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike, **ECF No. [14]**, is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **DENIED** as to Defendants' Tenth Affirmative Defense.

2. The Motion is **GRANTED** as to Defendants' First, Second, Third, Fourth, Fifth, Seventh, Eighth, Twelfth, and Thirteenth Affirmative Defenses.

3. Defendants' Eighth Affirmative Defense is **STRICKEN WITH PREJUDICE**.

4. Defendants' First, Second, Third, Fourth, Fifth, Seventh, Twelfth, and Thirteenth Affirmative Defenses are **STRICKEN WITHOUT PREJUDICE**. Defendants may amend their Affirmative Defenses to conform with Rules 8(b) and 8(c) **by August 8, 2019.**

**DONE AND ORDERED** in Chambers at Miami, Florida on July 30, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record